■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD JOHNSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 3, 1971, convicting him of criminal possession of a dangerous drug in the fourth degree, upon a guilty plea, and imposing sentence. The appeal brings up for review an order of the same court, entered December 10, 1970, which denied defendant's motion to suppress physical evidence. Judgment and order affirmed. No opinion. Latham, Christ and Benjamin, JJ., concur; Martuscello, Acting P. J., and Gulotta, J., dissent and vote to reverse the judgment and the order and to grant the motion to suppress evidence. The arresting officer proceeded to the area of defendant's house (a private home) one month after receiving information from a fellow officer that an old, slender, gray-haired man was selling narcotics. The officer, standing across the street, saw four males go up to defendant's door, but saw no exchange by hand and was unable to hear any conversation. After an hour, the officer entered the premises by opening a gate and he hid himself in the bushes behind the house, all within the curtilage. From this position, he observed a young man approach the door, ring the bell and give money to defendant and the latter give a glassine envelope containing a white powder to the young man. The officer ran out and shouted "Police"; he chased defendant into his house, arresting him in a large room, where he was able to see a number of glassine envelopes on a night table. The envelopes were found to contain heroin. In our opinion, the observations made by the officer while standing across the street were insufficient to give rise to a reasonable suspicion that a crime was being attempted or committed. In addition, the source of the information supplied by the fellow officer was not revealed and could have been rumor as well as fact (*People* v. *Verrecchio,* 23 N Y 2d 489, 492). The officer's entry into the yard was not made to effectuate an arrest, but only to make further observations. This constituted a trespass into an area protected by the Fourth Amendment from unreasonable searches and seizures (*Hobson* v. *Untied States,* 226 F. 2d 890) and the information gained therefrom could not form the basis for probable cause to arrest defendant (see *Silverman* v. *United States,* 365 U. S. 505; *People* v. *Terrell,* 53 Misc 2d 32).